RAYMOND NARDO, Esq.
RAYMOND NARDO, P.C.
129 Third St
Mineola, NY 11501
(516) 248-2121
raymondnardo@gmail.com
*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
Lauren N. Rivera                                            :
                                                            :   **COMPLAINT**
                                    Plaintiff,              :   **19-CV-10533**
                                                            :
                        -against-                           :
                                                            :
Michael B. Palillo, P.C., Michael B. Palillo, as            :
an individual                                               :
                                                            :
                                    Defendants.             :
------------------------------------------------------------------------X

Plaintiff LAUREN N. RIVERA, ("plaintiff"), by counsel, RAYMOND NARDO, P.C., upon personal knowledge, complaining of defendants, Michael B. Palillo, P.C. and Michael B. Palillo, as an individual, jointly and severally (collectively referred herein as "defendants") allege:

## NATURE OF THE ACTION

1. This action seeks to recover unpaid minimum wages, overtime pay, and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law § 190, *et seq.* ("NYLL") on behalf of plaintiff.

2. Defendants deprived plaintiff of the protections of the FLSA and NYLL by failing to

pay minimum wage and/or overtime pay and by failing to pay plaintiff for all hours worked.

## JURISDICTION

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court also has jurisdiction over plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because the defendants are located in the Eastern District of New York and the cause of action arose there.

## THE PARTIES

**Plaintiff**

7. Defendants employed plaintiff as a Clerk from on or about November 15, 206 through August 16, 2019.

8. Plaintiff's duties were to perform new case intake, draft subpoenas and HIPAA releases, check court dockets, file documents, schedule depositions, prepare exhibits for trial, and write up cases.

9. Plaintiff was not an exempt employee under the FLSA.

10. Plaintiff was not an exempt employee under the NYLL.

11. Plaintiff was not paid a sufficient amount to be exempt under the NYLL.

12. Starting on or about January 1, 2017, Defendants employed Plaintiff 5 days per week for approximately 45 hours per week.

13. Defendants paid plaintiff a flat salary of $600 per week when she started work for defendants, which was later raised to $638.47 per week.

14. Defendants did not pay plaintiff minimum wage or premium overtime pay at the rate of time and one half of the regular hourly pay for hours worked in excess of 40 hours per week.

15. Plaintiff was not permitted an uninterrupted half hour for required meal breaks.

16. Plaintiff was an "employee" of defendants within the meaning of the FLSA and the NYLL.

**Defendants**

17. Defendant **Michael B. Palillo, P.C.** is a New York professional corporation with its principal executive office located at 277 Broadway, Suite 501, New York, NY, in the Southern District of New York.

18. Defendant **Michael B. Palillo, P.C.** is an "enterprise engaged in interstate commerce" within the meaning of the FLSA. Defendant has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, including computers, pads, pens, and paper, and (2) an annual gross volume of revenues in excess of $500,000.

19. Defendant **Michael B. Palillo, P.C.** . is a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant, employed plaintiff.

20. At all relevant times, **Michael B. Palillo, P.C.** has maintained control, oversight, and direction over plaintiff.

21. Defendant **Michael B. Palillo** is an owner and/or officer of **Michael B. Palillo, P.C.** He exercises sufficient control over both corporations' operations to be considered plaintiff's employer under the FLSA and NYLL, including the authority to hire and fire, assign work, supervise employees, maintain payroll records, and at all times material herein established and exercised authority regarding the pay practices at both corporation.

22. The business activities of the defendants are related and performed through unified operation or common control for a common business purpose and constitute an enterprise, or joint employer, within the meaning of the FLSA.

### DEFENDANTS' FAILURE TO PAY MINIMUM WAGES

23. Defendants suffered or permitted plaintiff to work and did not compensate plaintiff at the minimum wage required under New York State Law.

### DEFENDANTS' FAILURE TO PAY OVERTIME PAY

24. Defendants suffered or permitted plaintiff to work over 40 hours per week. During regular workweeks, Defendants did not compensate plaintiff for premium overtime pay at time and one-half the full wage rate for the overtime hours worked.

## DEFENDANTS' VIOLATIONS OF THE
## WAGE THEFT PREVENTION ACT

25. The NYLL and Wage Theft Prevention Act requires employers to provide all employees with a written notice of wage rates within ten days of the time of hire and when the wage rate is increased.

26. Defendants failed to furnish plaintiff with wage notices as required by § 195(1) of the Labor Law.

27. The NYLL and Wage Theft Prevention Act requires employers to provide all employees with an accurate statement accompanying every payment of wages, which lists the name and phone number of the employer, regular rate of pay, overtime rate of pay, regular hours worked, overtime hours worked, gross wages, net wages, and additional information.

28. Defendants also failed to furnish plaintiff with accurate statements of wages, as required by § 195(3) of the Labor Law.

## FIRST CAUSE OF ACTION
## (FLSA – Unpaid Minimum Wages)

29. Plaintiff reallege, and incorporate by reference, all allegations in all preceding paragraphs.

30. At all times relevant, plaintiff was an "employee" within the meaning of 29 U.S.C. §§ 201 *et seq.*

31. At all times relevant, defendants have been employers of plaintiff, engaged in commerce and/or the production of goods for commerce, within the meaning of 29 U.S.C.

§§ 201 *et seq.*

32. Defendants have failed to pay plaintiff minimum wages to which she is entitled under the FLSA.

33. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were, or should have been, aware of the fact that the practices described in this Complaint were unlawful.

34. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiff.

35. Because defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

36. As a result of defendants' willful violations of the FLSA, plaintiff has suffered damages by being denied minimum wage in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

**SECOND CAUSE OF ACTION**
**(NYLL – Unpaid Minimum Wages)**

37. Plaintiff realleges, and incorporates by reference, all allegations in all preceding paragraphs.

38. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

39. At all times relevant, plaintiff has been an employee of defendants, and defendants have been employers of plaintiff within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

40. Defendants have failed to pay plaintiff the minimum wages to which she is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

41. Through their knowing or intentional failure to pay minimum hourly wages to plaintiff, defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

42. Due to defendants' willful violations of the NYLL, plaintiff is entitled to recover from defendants unpaid minimum wages and liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION
### (FLSA – Overtime)

43. Plaintiff realleges, and incorporates by reference, all allegations in all preceding paragraphs.

44. Defendants have failed to pay plaintiff premium overtime wages to which she is entitled under the FLSA at the rate of time and one-half for all hours worked in excess of 40 hours per week.

45. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware, or should have been aware of, the fact that the

practices described in this Complaint were unlawful.

46. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiff.

47. Because defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

48. As a result of defendants' willful violations of the FLSA, plaintiff has suffered damages by being premium overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

### FOURTH CAUSE OF ACTION
### (NYLL – Overtime)

49. Plaintiff realleges, and incorporates by reference, all allegations in all preceding paragraphs.

50. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

51. Defendants have failed to pay plaintiff premium overtime wages to which whe was entitled under the NYLL and the supporting New York State Department of Labor Regulations at the rate of time and one half for all hours worked in excess of 40 hours per week.

52. Through their knowing or intentional failure to pay minimum hourly wages to

plaintiff, defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

53. Due to defendants' willful violations of the NYLL, plaintiff is entitled to recover from defendants unpaid overtime wages and liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### FIFTH CAUSE OF ACTION
**(NYLL – Failure to Provide Wage Notices)**

54. Plaintiff realleges, and incorporates by reference, all allegations in all preceding paragraphs.

55. Defendants have willfully failed to supply plaintiff with a wage notices, as required by NYLL, Article 6, § 195(1), in English, or in the language identified by plaintiff as their primary language, containing plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner has deemed material and necessary.

56. Through their knowing or intentional failure to provide plaintiff with the wage notices required by the NYLL, defendants have willfully violated NYLL, Article 6, §§ 190 *et*

*seq.*, and the supporting New York State Department of Labor Regulations.

57. Due to defendants' violation of NYLL § 195(1), plaintiff is entitled to recover from defendants liquidated damages $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

## SIXTH CAUSE OF ACTION
### (NYLL – Failure to Provide Wage Statements)

58. Defendants have willfully failed to supply plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

59. Through their knowing or intentional failure to provide plaintiff with the accurate wage statements required by the NYLL, defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

60. Due to defendants' violation of NYLL § 195(3), plaintiff is entitled to recover from the defendants liquidated damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

## DEMAND FOR JURY TRIAL

61. Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

a. Declaring that defendants have violated the minimum wage, overtime pay of the FLSA, and supporting United States Department of Labor Regulations;

b. declaring that defendants have violated the minimum wage, overtime pay provisions of the NYLL, and supporting regulations;

c. declaring that defendants have violated the Wage Theft Prevent Act;

d. declaring that defendants' violations of the FLSA were willful;

e. declaring that defendants' violations of the NYLL were willful;

f. awarding plaintiff damages for all unpaid wages;

g. awarding plaintiff liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA and the NYLL;

h. awarding damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, as provided for by NYLL, Article 6 § 198;

i. awarding plaintiff liquidated damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, as provided for by NYLL, Article 6 § 198;

j. issuing a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL, Article 6, §§ 190 *et seq.*, NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

    k.   awarding plaintiff pre-judgment and post-judgment interest under the FLSA and the NYLL;

    l.   granting an injunction requiring defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

    m.   awarding plaintiff reasonable attorneys fees' and costs pursuant the FLSA and the NYLL;

    n.   awarding such other and further relief as the Court deems just and proper.

Dated:   Mineola, NY
            November 13, 2019

                              RAYMOND NARDO, P.C.

By:   RAYMOND NARDO, ESQ.
       129 Third St
       Mineola, NY 11501
       (516) 248-2121
       raymondnardo@gmail.com
       *Counsel for Plaintiff*