**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
**LAUREN N. RIVERA**

                           *Plaintiff*,         Case No. 19 Civ. 10533 (JMF)

    - against -

**MICHAEL B. PALILLO, P.C., MICHAEL B.**
**PALILLO, as an individual**

                           *Defendants.*
-----------------------------------------------------------x

## SETTLEMENT AGREEMENT AND
## RELEASE OF WAGE AND HOUR CLAIMS

      This Settlement Agreement and Release of Wage and Hour Claims ("Agreement"), is entered into by and between Lauren N. Rivera (hereinafter referred to as "Plaintiff" or "Releasor" or "Employee"), and Defendants Michael B. Palillo, P.C., and Michael B. Palillo (collectively, "Defendants" or "Employer" or "Releasee") (Plaintiff and Defendants are referred to herein as the "Parties").

      WHEREAS, on November 13, 2019, Plaintiff filed suit for damages titled *Lauren N. Rivera v. Michael B. Palillo, P.C., et al.,* in the United States District Court for the Southern District of New York, Civil Action No. 19-CV-10533 (hereinafter referred to as the "Complaint" or "Lawsuit"), alleging claims for, among other things, unpaid overtime compensation due under the federal Fair Labor Standards Act and related New York State Labor Law violations;

      WHEREAS, the Defendants have contested the claims set forth in this suit and deny any and all liability;

WHEREAS, the Parties now desire to settle the claims and to resolve fully all wage and hour disputes or potential wage and hour disputes between them, which the Plaintiff had, has or may have, including but not limited to Plaintiff's claims in the Complaint, without the time, uncertainty, and expense of further litigation; and,

NOW, THEREFORE, in consideration of the promises and mutual covenants set forth in this Agreement, the sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

1. **Consideration**.

In consideration for signing this Settlement Agreement and Release (hereinafter referred to as "Agreement", and complying with the terms and conditions herein, Employer agrees to pay Employee a total sum of **Eight Thousand Six Hundred Thirty-Eight Dollars and Forty-Seven** Cents (**$8,638.47**) within thirty (30) days after: (a) Employer receives a signed original of this Agreement; (b) Employer receives Employee's signed IRS W-4 and W-9 Tax Form; (c) Employer receives Employee's attorney's signed W-9; and, (d) the Lawsuit (as defined below) has been dismissed with prejudice after the Court approves it at a fairness hearing or other statutory approval process.  Subject to the conditions set forth herein, the Payment will be delivered to **Raymond Nardo, Esq., 129 Third Street, Mineola, New York 11501**, in the form of three (3) checks as follows:

   a. The first check will be in the gross amount of Two Thousand Nine Hundred and Eighty Six Dollars and twenty four Cents ($2,986.23), will be made payable to Employee and will be subject to normal withholdings based upon current W-4, for which a Form W-2 will be issued.

b. The second check will be in the amount of Two Thousand Nine Hundred and Eighty Six Dollars and twenty four Cents ($2,986.24), made payable to Employee, which shall represent payment of alleged damages pursuant to New York Labor Law §§ 195(1) and 195(3), liquidated and non-wage income and interest. These funds will not be subject to withholdings, for which an IRS Form 1099 will be issued.

c. The third check will be in the amount of Two Thousand six hundred sixty six Dollars and zero Cents ($2,666.00), made payable to "Raymond Nardo, P.C.", Plaintiff's counsel, as and for attorneys' fees and costs, for which an IRS Form 1099 will be issued to Employee and Raymond Nardo, Esq.

Employee will ensure that all taxes relating to payments made pursuant to the Agreement properly are paid. In the event that any federal, state or local taxing authority or court determines that taxes, interest and/or penalties are due and owing as a result of payments made in Paragraph 2(b) and 2(c) hereunder, said taxes, interest, penalties or other liabilities shall be the sole obligation and liability of Employee, who agrees to hold harmless and to indemnify Employer from any tax or other related liability, including but not limited to reasonable attorneys' fees and disbursement actually incurred.

2. **<u>No Consideration absent Execution of this Agreement</u>**. Employee understands and agrees that Employee would not receive the Consideration specified in Paragraph "1" above, except for her execution of this Agreement and the fulfillment of the promises contained herein.

3. **<u>Release of Claims</u>**. Employee knowingly and voluntarily releases and forever discharges Michael B. Palillo and Michael B. Palillo, P.C., its current and

3

former owners, shareholders, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all wage claims, known and unknown, asserted or unasserted, which the Employee had, has or may have against Releasees as of the date of execution of this Agreement and Release, including, but not limited to, claims under the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), or any other wage or compensation related law or requirement and any implementing wage orders, rules or regulations, including any claims for attorneys' fees.

    4.    **<u>Acknowledgments and Affirmations</u>.**

    (a)    Employee swears under oath that she has not filed or caused to be filed, and presently is not a party to any claim against Employer, except this lawsuit, filed with the United States District Court for the Southern District of New York, Case No. 19-CV-10533 ("Lawsuit") and a claim for Unemployment Insurance benefits. This Agreement represents settlement of a *bona fide* dispute regarding wages owed and hours worked; and the parties agree that Employee shall promptly seek Court approval of this Agreement on the basis that the Agreement is fair and reasonable;

    (b)    Employee swears under oath that as a result of this Agreement, she has been paid and/or has received all compensation, wages, bonuses, other monies to which Employee may be entitled for all work performed and that no other compensation, wages, bonuses, benefits or other monies are due;

4

(c) Employee further swears under oath that the sole complaint and/or lawsuit that she has made and/or filed is the one for allegedly unpaid wages, which is resolved by this Agreement. She did not report any allegations of wrongdoing by Employer or its officers to anyone and/or any governmental agency. Both Employer and Employee acknowledge that this Agreement does not limit either party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. To the extent permitted by law, Employee agrees that if such an administrative claim is made, Employee shall not be entitled to recover any individual monetary relief or other individual remedies relating to work performed, wages or compensation paid or any similar claim or relief;

(d) Employee swears under oath that she is not a Medicare or Medicaid beneficiary as of the date of this Agreement and, therefore, no conditional payments have been made by Medicare or Medicaid;

(e) Employee swears under oath that, as of the date of execution of this Agreement, she knows of no other individual who has expressed interest in bringing any claims against Releasees; and,

5. **Mutual Cooperation.** The Parties agree to fully cooperate with one another in the preparation of, and/or joint filing of, any and all papers necessary to obtain the dismissal with prejudice of the Lawsuit. This obligation includes, but is not limited to, any steps necessary to obtain approval of this Agreement by the Court, including the filing of the Stipulation of Final Dismissal attached hereto as Exhibit A.

6. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the State of New York without

regard to its conflict of laws provision to generally and wholly release, settle and waive any and all claims within its scope. In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and Release and/or seek any damages for breach after first giving at least seven (7) business days written notice to the other party of the alleged breach so that the alleged breach can be remedied. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be interpreted or modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. The Court shall retain jurisdiction to enforce this agreement.

       7.     **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

       8.     **Publicity and Announcements.** No Party to this Stipulation, or third party within their control, shall (orally or in writing) issue any press release, or otherwise communicate with the media, or publish and/or post, in any form, written, oral and/or electronic, including but not limited to any social media publication, communication, and/or platform website (Instagram, Snap Chat, Facebook, etc.) concerning the existence of this Stipulation, or the subject matter hereof, except to the extent that such Party is required to make any public disclosure or filing with respect to the subject matter of this Stipulation (i) by applicable law or (ii) in connection with enforcing its rights under this Stipulation. The Parties

represent that they have carefully read and fully understand the terms and conditions of this Stipulation and that they have executed this Stipulation after consulting with their attorneys concerning their rights and obligations under this Stipulation.

9. **No Disparagement.** No Party to this Stipulation shall make, publish, or communicate to any person or entity or in any public forum any comments or statements (written or oral) that denigrate or disparage, or are detrimental to, the reputation or stature of any other Party or its businesses, or any of its employees, directors, and/or officers, and existing and prospective clients, suppliers, vendors, and other associated third parties.

10. **Counterparts**. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute on and the same instrument.

11. **Competency to Waive Claims.** Employee is competent to affect a knowing and voluntary general and unlimited release of all wage claims, as contained herein, and to enter into this Agreement. She is not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired. To the contrary, she has a clear and complete understanding of this Agreement. Employee is not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair the right to settle all claims, to waive all claims and to indemnify Releasees from any claims by or relating to Employee. She is doing so after consulting with counsel.

12. **Execution**.

(a) The terms of this Agreement are the product of mutual negotiation and compromise between the Parties. The meaning, effect and terms of this Agreement have been fully explained to Employee by her counsel, Raymond Nardo, Esq.. Employee fully understands that this Agreement generally releases, settles, bars and waives any and all wage or compensation-related claims that Employee possibly could have against Releasees as of the date of this Agreement. Employee further represents that she is fully satisfied with the advice and counsel provided by Raymond Nardo, Esq.;

(b) Employee also confirms that she has knowingly, willingly and voluntarily entered into this agreement, is not under the influence of any drug and/or medication that would influence her ability to enter into this agreement and has not been induced by any representation or promise that does not expressly and unequivocally appear in this Agreement or by any act or omission of Releasees to execute this Agreement and was not caused to sign this Agreement without the opportunity for or actual consultation with counsel; and,

(c) Employee fully understands the terms of this Agreement and has had the benefit of translation service or other assistance to that end.

13. **Amendment**. This Agreement may not be modified, altered or changed except as set forth in paragraph 6, above, or in writing and signed by both Parties wherein specific reference is made to this Agreement.

14. **Entire Agreement and Remedies.** This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Any breach or violation of this Agreement by either party, will be considered a material breach of this Agreement and will entitle the other

party to recover actual damages, if any, caused by the breach or violation that is not remedied within the seven (7) day written notice period set forth above.  In addition, the non-breaching party may seek legal or equitable relief, including, but not limited to, injunctive relief or other equitable relief as it may deem appropriate.  Each party shall bear its own legal fees in any such action.

**EMPLOYEE SWEARS THAT SHE HAS CONSULTED WITH RAYMOND NARDO, ESQ., PRIOR TO SIGNING THIS AGREEMENT.**

**EMPLOYEE FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE CLAIMS EMPLOYEE HAS OR MIGHT HAVE AGAINST RELEASEES AS DISCUSSED IN THIS AGREEMENT.**

The Parties knowingly and voluntarily sign this Agreement and Release as of the date(s) set forth below:

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

Dated: May ___, 2020          By: _____
                                                     Lauren N. Rivera

**Michael B. Palillo**

Dated: May _11_, 2020        By: _____
                                                    Michael B. Palillo

**Michael B. Palillo, P.C.**

Dated: May _11_, 2020        By: _____, as President
                                                    Michael B. Palillo

                                                Title:   Owner and Manager

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
LAUREN N. RIVERA

                  *Plaintiff,*         Case No. 19 Civ. 10533 (JMF)

- against -

MICHAEL B. PALILLO, P.C., MICHAEL B.
PALILLO, as an individual

                  *Defendants.*
----------------------------------------------------------------x

## STIPULATION AND ORDER OF FINAL DISMISSAL WITH PREJUDICE

IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff, Lauren N. Rivera, and Defendants, Michael B. Palillo, and Michael B. Pallilo, P.C., through their respective undersigned counsel, that the above-captioned action should be dismissed in its entirety, with prejudice, and with no award of attorneys' fees, costs or disbursements by the Court to any party. The Court shall retain jurisdiction over any disputes arising hereunder.

| | |
|---|---|
| THE LAW OFFICES OF<br>FAUSTO E. ZAPATA, JR., P.C.<br>*ATTORNEYS FOR DEFENDANTS*<br>277 Broadway, Suite 206<br>New York, NY 10007<br>Tel: (212) 766-9870<br><br>By: _____<br>     Fausto E. Zapata, Esq.<br><br>Dated: _____ | RAYMOND NARDO, ESQ.<br>*ATTORNEY FOR PLAINTIFF*<br>129 Third Street<br>Mineola, New York 11501<br>Tel: (516) 248-2121<br><br>By: _____<br>     Raymond Nardo, Esq.<br><br>Dated: 5/11/2020 |

SO ORDERED on this ___ day of _____, 2020,

_____
U. S. D. J.